UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TRACY L. JONES,
                      Plaintiff

v.                                                Civil Action No.
                                                   3:04CV590-J

JO ANNE B. BARNHART, Commissioner
 Social Security Administration,
                      Defendant

### MEMORANDUM OPINION

      This case presents plaintiff Tracy Jones' challenge to the decision of the Commissioner denying her claim to disability insurance benefits. After examining the administrative record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the matter must be remanded to the Commissioner for further proceedings.

      Ms. Jones filed her application in December of 2002, alleging that she had been unable to engage in any substantial gainful employment since December of 1999. After a hearing, the Administrative Law Judge ("ALJ") determined that as of December 31, 2001 (the last day of fully insured status), Ms. Jones retained the residual functional capacity to perform her past relevant work as a seamstress, cashier, and clerk.

      If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's

1

obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Ms. Jones first contends that she met Listing 11.17. The claimant has the burden of establishing that she meets a listed impairment. Burress v. Secretary, 835 F.2d 139 (6th Cir. 1987); Evans v. Sec'y of Health and Human Services, 820 F.2d 161, 164 (6th Cir.1987). An impairment meets a Listing only when it manifests the specific findings described in the medical criteria for the particular impairment. 20 C.F.R. § 404.1525(d). That is, at the "Listings" step of the analysis, only the medical evidence is of significance.

Listing 11.17 requires a showing of a degenerative disease (not otherwise listed) with significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station. Thus, to determine whether Ms. Jones carried her burden of showing that she met this Listing, we must look at the medical evidence that indicates significant and persistent disorganization of motor function. In this case, Ms. Jones claims it was dysfunction in her lower extremities that met the Listing.

On October 8, 2001, Dr. Ewing reported that he tested for cerebellar function "and she was able to do rapid alternating movements fairly well." Tr. 246. He recorded that he observed some imbalance: "I had her do a heel-to-toe walking and she had some imbalance with that. She also had trouble walking on her heels." Tr. 246. Notwithstanding these specific observations and Ms. Jones' complaint that she could not run because she felt off-balance, there is nothing in this report that supports a finding of "*sustained* disturbance of ... gait and station" (emphasis

2

added). Dr. Frogge reported that he saw Ms. Jones on October 30, 2001. At that time he observed only that her gait was "deliberate and mildly wide-based," and he explicitly noted that she had no dysmetria. Tr. 175.

As noted above, the claimant bears the burden of demonstrating that her impairment met the specific findings of the Listing as of December 31, 2001, and to accomplish this, she must rely on *medical findings*, not on subjective report. In view of the requirements of "significant," "persistent," and "sustained" problems as described in the listing, the Court concludes that the ALJ did not err in finding that the medical evidence failed to establish that Ms. Jones met the Listing as of her date last insured.

Moving beyond the Listings step of the sequential analysis, Ms. Jones next argues that the ALJ erred in evaluating her credibility. The ALJ stated that he found that "claimant's subjective complaints, while generally credible, cannot be used to establish disability because she was found disabled *after* her insured status expired." Tr. 19. Thereafter, in his "findings" section, the ALJ recited that Ms. Jones' subjective complaints were not credible. Tr. 20. That is, the ALJ stated *both* that Ms. Jones subjective complaints *were* credible and that they were *not* credible, and he also used some language that could be interpreted to mean he believed he could not include her subjective testimony as part of the evidence as a whole.

Ms. Jones testified that prior to December 31, 2001 she experienced "staggering and head hurting all the time." Tr. 260. Such testimony, if credible, could be of great significance. This is not a case in which she seeks to establish disability solely on the basis of her subjective complaints. Rather, the record shows that she was experiencing some neurological symptoms in 2001, and that she suffers from an identifiable progressive and ultimately disabling impairment;

3

the critical question is *when* that impairment became disabling.   Thus, the credibility of Ms. Jones' subjective report of what she was experiencing in late 2001 is of great importance. Because it is unclear whether the ALJ realized he could consider Ms. Jones' subjective testimony and whether he did consider it, the matter must be remanded for further proceedings.

An order in conformity has this day entered.